UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
RASHID KHAN,
                    Petitioner,

                                                                            **MEMORANDUM & ORDER**

              -against-
                                                                                  06 CV 2717

BRIAN FISCHER, Superintendent, Sing Sing
   Correctional Facility,

                    Respondent.
------------------------------------------------------X
DEARIE, Chief Judge.

       On this application for a writ of habeas corpus under 28 U.S.C. § 2254 by petitioner Rashid Khan, the Court incorporates its Memorandum and Order in *Haji v. Miller*, 05-CV-2490 (RJD) (October 24, 2008), also issued today, which grants the application of petitioner's co-defendant Abidali Haji for a writ of habeas corpus on the ground that he was convicted and sentenced in violation of his Double Jeopardy right against multiple punishments, and affords the same relief to petitioner Khan on the same grounds.

       Petitioner Khan's additional claims, all lacking merit, are separately addressed here.

1.

       Petitioner claims that the trial court improperly delegated to its law secretary its duty to make the "reasonably thorough inquiry" required by New York's Criminal Procedure Law §270.35 before discharging a juror no longer able to serve because of illness. This claim involves only a matter of state law and is not cognizable here. It is also utterly frivolous: the record shows that, upon learning that the sworn juror in question had been struck by a car, the trial court first adjourned the case for a day; the following day, the law secretary reported to the

court that the juror had telephoned to confirm her inability to serve, and the court replaced her with an alternate without any objection from defense counsel.

2.

Petitioner also challenges the trial court's submission to the jury of three different counts that each relate to the January 2 incident—Count One, charging second degree conspiracy under Penal Law § 105.15; Count Three, charging criminal sale of a controlled substance in the first degree under Penal Law § 220.43; and criminal possession of a controlled substance in the second degree under Penal Law § 220.18. His specific contention is that the submission of all three counts violates Criminal Procedure Law §300.40, a provision of New York law which guides courts concerning the counts and crimes that must or may be submitted to the jury in any given case. Premised solely on a violation of state law, the claim is not cognizable here, but in any event it is meritless. Petitioner argues that the three counts are "non-inclusory concurrent counts" within the language of section 300.40 and therefore not *all* of them should have been submitted to the jury. But the statute expressly authorizes the trial court's action to the contrary, providing that, "[w]ith respect to non-inclusory concurrent counts, the court may in its discretion submit one or more *or all thereof*." C.P.L. §300.40, subd. 3(a) (emphasis added).

To the extent this claim might be read as "call[ing] to mind a specific right protected by the Constitution," Daye v. Attorney General, 696 F.2d 186, 194 (2d Cir.1982), it also lacks merit. It does not take an especially liberal reading of the claim to recognize within it one of the signature assertions addressed in Double Jeopardy jurisprudence, namely, that petitioner was convicted three times for the essentially the same act. This latent constitutional component of the claim, however, was never expressly addressed in the state courts, nor was the failure to raise it included as an aspect of the conduct of trial and appellate counsel that petitioner challenged in

his later-filed ineffectiveness claims, so the claim is procedurally barred from consideration here.

Even if the claim were not barred, however, the Court would readily reject it on the merits. Unlike petitioner's *other* Double Jeopardy claim (based on the charging of two conspiracy counts), the situation complained of in this claim—the charging of three different crimes, under three different statutes, for a single act or transaction—is textbook Blockburger, and readily disposed of. See Blockburger v. United States, 284 U.S. 299, 304 (1932). Indeed, narcotics cases are routinely charged in this way (with separate counts of possession, sale, and conspiracy in which such possession or sale is an overt act), because each so obviously involves a statutory element of proof that the other two do not, as even the trial court's charge reflects. See N.Y. Penal Law § 105.15 and T. 1633-44 (conspiracy); Penal Law §220.43 and T. 1645-47(criminal sale) ; Penal Law § 220.18 and T. 1647-50 (criminal possession).

3.

Petitioner claims that the admission of an audio-taped conversation between himself and the deceased confidential informant violated his constitutional right to confront a witness against him. The Appellate Division concluded that "the contention in [petitioner's] supplemental brief that the court erroneously admitted a tape-recorded conversation between him and a deceased confidential informant into evidence is without merit." People v. Khan, 2 A.D.3d 461 (2d Dep't 2003). The Court does not find the state court's determination to be contrary to or an unreasonable application of controlling federal law, notwithstanding that the Appellate Division's decision pre-dates the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), which controls on this petition.[1]

---

[1] Retroactivity is not at issue here because Crawford was handed down on March 8, 2004, before petitioner's conviction became final on May 6, 2004. See Mungo v. Duncan, 393 F.3d

3

Crawford, however, does not bar the admission of the audio-taped conversation between petitioner and the confidential informant. Although the audiotape includes statements made out-of-court by a declarant unavailable for cross-examination (the deceased informant), the per se rule of Crawford does not apply to *all* out-of-court statements but only to statements that are "testimonial" because, as the Court made clear, only such statements cause the declarant to be a "witness" within the meaning of the Confrontation Clause. Crawford, 541 U.S. at 51-2, 68; Davis v. Washington, 547 U.S. 813, 821 (2006) (explaining Crawford: "It is the *testimonial* character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause").

In the taped conversation, which occurred only a week after the January 2 sale, petitioner and the confidential informant discussed the possibility of future drug sales, and so the conversation was appropriately charged as an overt act in furtherance of the second (post-January 2) conspiracy. Accordingly, none of the remarks made during that conversation was "testimonial" for purposes of the Confrontation Clause. Crawford, 541 U.S. at 56 ("statements in furtherance of a conspiracy" are "statements that by their nature were not testimonial" and encounter no Confrontation Clause obstacle). See also Bourjaily v. United States, 483 U.S. 171, 181 (1987) (admission of statements made unwittingly to an undercover informant by a declarant not available at trial did not violate the Confrontation Clause, cited in Crawford as example of a a pre-Crawford case in which non-testimonial statements were properly admitted); United States v. Sagat, 377 F.3d 223, 229 (2d Cir. 2004) (audio-taped statements made to confidential

---

327, 333, n 3 (2004) ("[a] conviction becomes final for purposes of Teague [retroactivity analysis] when 'the availability of direct appeal . . . has been exhausted and the time for filing a petition for writ of certiorari has elapsed").

informant, whose true status was unknown to declarant, "do not constitute testimony within the meaning of Crawford"), cert. denied, 543 U.S. 1079 (2005); United States v. Barone, 913 F.2d 46, 49 (2d Cir. 1990) (tape-recorded statements of non-testifying informant were not testimonial because offered "only to establish a context for the recorded statements of the accused").

4

Petitioner's final claim is that trial counsel rendered ineffective assistance because he failed to argue that the prosecution and the police had failed to obtain eavesdropping and video surveillance warrants and, therefore, that evidence obtained as a result of the surveillance should have been suppressed. The record shows, however, that trial counsel *did* challenge the eavesdropping warrants and move to suppress the evidence derived therefrom. Petitioner also alleges, in sweeping terms and without specificity, that trial counsel failed "to adequately investigate into the actual criminal charges and developing [sic] defendant's most plausible defense in this case." Petitioner has not identified what specific defense counsel failed to develop; indeed, the record shows that, by the time of sentencing, the court had been persuaded that petitioner was, "in [the court's view], not the sophisticated international drug smuggler" the prosecution had sought to portray. S. 17-18. In any event, petitioner has not shown that in denying this branch of his ineffectiveness claim, the state court acted contrary to or unreasonably applied the holding of Strickland v. Washington, 466 U.S. 668 (1984).

## CONCLUSION

For all of the foregoing reasons, the petition for a writ of habeas corpus is granted. As provided in this Court's Memorandum and Order in *Haji v. Miller, 05 CV 2490* (October 24, 2008), issued today, as to both Haji and Khan, the judgments of conviction entered on the two conspiracy counts are hereby vacated and the matter is remanded to the state court for

proceedings consistent with this Memorandum and Order. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
October 24, 2008

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
Chief United States District Judge