UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
RASHID KHAN,

                Petitioner,

**MEMORANDUM & ORDER**

-against-

06 CV 2717

BRIAN FISCHER, Superintendent, Sing Sing
  Correctional Facility,

                Respondent.
------------------------------------------------------X

DEARIE, Chief Judge.

Before the Court are several letter applications from petitioner Rashid Khan asking this Court "to look into" the judgement entered in this case because petitioner "can[not] understand how it can be Constitutional" as it applies to him. Khan Ltr. Dated May 4, 2009; Letter Motion dated July 17, 2009.

The nature of petitioner's habeas claim, the grounds upon which this Court granted habeas relief, and the circumstances warranting the amendment of the initial habeas judgement have all been amply discussed in this Court's prior rulings and need not be restated here. See Haji v. Miller, 584 F. Supp. 2d 498 (E.D.N.Y. 2008); Khan v. Fischer, 583 F. Supp. 2d 390 (E.D.N.Y. 2008); Haji v. Miller & Khan v. Fischer, 2009 WL 259784 (E.D.N.Y. Feb. 3, 2009).

As each of this Court's extensive prior decisions makes crystal clear, under the Double Jeopardy Clause of the United States Constitution, only *one* of Khan's two conspiracy convictions could stand, and there is no dispute that that result has been completely and precisely implemented through the amended judgment.

1

In asking for further explanation and for a conference, Khan seeks to argue to the Court, in essence, that it did not know its own intentions, or that it did not mean what its own decisions plainly state, *to wit*, that Khan "appropriately [did] not seek retrial on a new indictment . . . but instead ask[ed] only that *one* of [his] conspiracy convictions be vacated and that [he] be re-sentenced accordingly." Haji, 584 F. Supp. 2d at 520 (emphasis added). Anything more is a windfall it was never this Court's intention to afford him, as Khan must surely know.

Continuing in his foolish campaign of staring down the mouth of the gift horse, Khan also asserts that the January 29, 2009 correspondence to the Court, which declared itself to be a "joint letter from the parties" seeking a modification of the original judgment (and which bore the signature of counsel) was not, in fact, one he authorized his attorney to make. Whether or not this suspect assertion is true, the Court would have granted the modification sought in that letter regardless of whether Khan had joined in the request, for the letter details post-judgement circumstances arising in the state court, as a result of this Court's initial habeas decision, that themselves warranted the modification sought. Accordingly, Khan has presented no basis for this Court to revisit the decisions or judgments issued in this matter.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2010

                                                  s/ Judge Raymond J. Dearie
                                                  _____
                                                  RAYMOND J. DEARIE
                                                  Chief United States District Judge